THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR LETTER DATED SEPTEMBER 14, 1989. IT DOES NOT APPEAR, HOWEVER, THAT IT IS EITHER NECESSARY OR APPROPRIATE THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED AS THE LAW RELEVANT TO YOUR INQUIRY IS RELATIVELY CLEAR AND UNAMBIGUOUS.
IN YOUR LETTER YOU INQUIRE, IN EFFECT:
 IS A NON-PROFIT ORGANIZATION, WHICH IS UNDER A 26 U.S.C.A. 501(C)(3) CONTRACT WITH THE STATE HEALTH DEPARTMENT TO PROVIDE COUNSELING AND BLOOD TESTING SERVICES, CONSIDERED A "PUBLIC BODY" FOR PURPOSES OF THE OKLAHOMA OPEN MEETING ACT?
YOUR LETTER STATES THAT THE ORGANIZATION IN QUESTION IS A NONPROFIT ORGANIZATION UNDER CONTRACT WITH THE STATE DEPARTMENT OF HEALTH. THIS ORGANIZATION RECEIVES ALL STATE FUNDS FROM A TAX EXEMPT 501(C)(3) CONTRACT, UNDER WHICH THE ORGANIZATION IS TO PROVIDE SPECIFIC SERVICES FOR THE STATE HEALTH DEPARTMENT, IN PARTICULAR, COUNSELING AND BLOOD TESTING SERVICES. THE ORGANIZATION RECEIVES NO APPROPRIATIONS FROM THE STATE OF OKLAHOMA OTHER THAN WHAT WAS SPECIFICALLY PROVIDED FOR IN THE CONTRACT.
AS YOU KNOW, THE OPEN MEETING ACT GOVERNS PUBLIC BODIES AS THAT TERM IS DEFINED WITHIN THE ACT. THE DEFINITION OF "PUBLIC BODY" IS FOUND IN 25 O.S. 304 (1988), WHEREIN IT IS PROVIDED:
 "PUBLIC BODY" MEANS THE GOVERNING BODIES OF ALL MUNICIPALITIES . . . BOARDS OF COUNTY COMMISSIONERS . . . BOARDS OF PUBLIC AND HIGHER EDUCATION . . . AND ALL BOARDS, BUREAUS, COMMISSIONS, AGENCIES, TRUSTEESHIPS, AUTHORITIES, COUNCILS, COMMITTEES, PUBLIC TRUSTS, TASK FORCES OR STUDY GROUPS IN THE STATE OF OKLAHOMA SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDING OF PUBLIC FUNDS, OR ADMINISTERING PUBLIC PROPERTY (.)"
WHILE THE DEFINITION OF PUBLIC BODY CONTAINS SOME EXCEPTIONS, THEY ARE NOT RELEVANT TO THIS DISCUSSION.
ALTHOUGH THE DEFINITION OF PUBLIC BODY INCLUDES THOSE ENTITIES SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS, THE TYPE OF SUPPORT ADDRESSED IN THE OPEN MEETING ACT SHOULD NOT BE CONFUSED WITH THE EXPENDITURE OF PUBLIC FUNDS TO PRIVATE AND NON-PROFIT ORGANIZATIONS, NO MATTER HOW "PUBLIC" THE PURPOSE OF THE PRIVATE ORGANIZATION MAY BE. THE MONIES PAID BY THE STATE DEPARTMENT OF HEALTH TO THIS ORGANIZATION ARE CONTRACTUAL IN NATURE, AND DO NOT CONSTITUTE "SUPPORT" OF THE ORGANIZATION, BUT RATHER A PAYMENT TO THE ORGANIZATION IN EXCHANGE FOR THE SERVICES IT OFFERS. TO FIND THAT THE SUCH A NON-PROFIT ORGANIZATION IS "SUPPORTED" BY PUBLIC FUNDS BECAUSE IT RECEIVE FUNDS WHICH WERE AT ONE TIME IN THE POSSESSION OF THE STATE, WOULD BE TO FIND THAT ANY BUSINESS OR INDIVIDUAL WHO HAS CONTRACTED TO PROVIDE GOODS OR SERVICES TO THE STATE OF OKLAHOMA IN EXCHANGE FOR PAYMENT WAS SUPPORTED BY PUBLIC FUNDS AND THUS — SUBJECT TO THE ACT.
IT WOULD THUS APPEAR THAT THIS NON-PROFIT ORGANIZATION IS NOT A PUBLIC BODY AS THAT TERM IS DEFINED IN THE OPEN MEETING ACT, AND IS THEREFORE NOT SUBJECT TO THE PROVISIONS OF THAT ACT. AS NOTED ABOVE, THE FOREGOING CONSTITUTES MY INFORMAL OPINION IN RESPONSE TO YOUR OPINION REQUEST.
(ROBERT T. RALEY)